IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOLLY OLMSTEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number: 12-735-DRH-PMF |
| ) | |
| ) | |
| ST. ELIZABETH'S HOSPITAL OF ) | PLAINTIFF DEMANDS |
| THE HOSPITAL SISTERS OF THE ) | JURY TRIAL |
| THIRD ORDER OF ST. FRANCIS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Holly Olmstead (hereafter "Plaintiff" or "Olmstead"), through counsel, and for her Complaint against Defendant St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis (hereafter "Defendant" or "St. Elizabeth's"), states:

1. This case arises from Defendant's discrimination against Holly Olmstead because of or on the basis of her gender, pregnancy, childbirth, and related medical conditions in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000 *et seq.* as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. §§ 2000e(k). This action also arises from Defendant's interference with, and retaliation for, Plaintiff's exercise of her rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

2. Defendant terminated Olmstead's employment as a nurse manager the first day Olmstead returned to work after taking FMLA leave and maternity leave.

## PARTIES

3. Plaintiff resides in this judicial district and was formerly employed by Defendant in this judicial district.

4. Defendant is a corporation organized under the laws of Illinois and does business in this judicial district. All acts and omissions of Defendant's owners, officers, employees, and agents were taken within the scope of their employment and agency for Defendant.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under laws of the United States, namely, Title VII as amended by the PDA and the FMLA.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL BACKGROUND

7. Defendant employed Plaintiff as a nurse manager from April 1, 2007 through approximately July 20, 2009.

8. Plaintiff met or exceeded Defendant's employment expectations during the time Defendant employed Plaintiff.

9. In November 2009, Plaintiff learned that she was pregnant.

10. In December 2009, Plaintiff notified her supervisor of the pregnancy.

11. Plaintiff sustained a period of incapacity and a course of prenatal care between March 2, 2010 and March 8, 2010 as a result of her pregnancy.

12. Defendant approved Plaintiff's request for intermittent FMLA leave from March 2, 2010 to March 8, 2010.

13. Olmstead sustained a period of incapacity between June 14, 2010 and August 31, 2010 as a result of her pregnancy and prenatal care.

14. Defendant approved Olmstead's request for full FMLA leave beginning June 14, 2010 lasting through September 1, 2010.

15. On September 1, 2010, Olmstead returned to work for Defendant.

16. On September 1, 2010, Defendant terminated Plaintiff's employment.

17. On February 28, 2011, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

18. On March 30, 2012, EEOC issued Plaintiff a Notice of Right to Sue.

## FIRST CLAIM FOR RELIEF

(VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, ACT 42 U.S.C. §§ 2000 ET SEQ.)

19. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

20. Plaintiff is an employee within the meaning of Title VII.

21. Defendant is an employer within the meaning of Title VII.

22. Defendant terminated Plaintiff's employment because of or on the basis of her pregnancy, childbirth, and related medical conditions.

23. Plaintiff suffered injury and damage as a result of Defendant's termination of her employment, including but not limited to, lost wages and benefits, reduced future earnings and earning capacity, mental distress and anguish, emotional distress, and humiliation.

24. Defendant discriminated against Plaintiff on the basis of her gender, specifically because of or on the basis of her pregnancy, childbirth, and related medical conditions, with malice or with reckless indifference to her federally protected rights.

## SECOND CLAIM FOR RELIEF

(INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615(a)(1))

25. Plaintiff incorporates by reference the preceding paragraphs 1-16 of this Complaint.

26. Plaintiff is an eligible employee within the meaning of the FMLA.

27. Defendant is an employer within the meaning of the FMLA.

28. Plaintiff had a serious health condition within the meaning of the FMLA, namely, pregnancy and associated periods of incapacity.

29. Plaintiff attempted to exercise her FMLA-protected right to be restored to the same or equivalent position that she had before she took leave.

30. Defendant interfered with, restrained, or denied the exercise of or the attempt to exercise Plaintiff's right under the FMLA to be restored to the same or equivalent position that she had before she took leave.

31. Plaintiff sustained actual harm and damage in the form of lost wages and benefits as the proximate result of Defendant's interference with the exercise of her rights under the FMLA.

## THIRD CLAIM FOR RELIEF

(RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,
29 U.S.C. § 2615(a)(2))

32. Plaintiff incorporates by reference the preceding paragraphs 1-16 and 25-31 of this Complaint.

33. Defendant terminated Plaintiff's employment because she engaged in conduct protected under the FMLA.

34. Plaintiff sustained actual harm and damage in the form of lost wages and benefits as the proximate result of Defendant's interference with the exercise of her rights under the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

A. On Plaintiff's First Claim for Relief, back pay and benefits, compensatory damages, punitive damages, equitable relief, front pay and benefits, attorney fees, prejudgment interest, and costs of the action.

B. On Plaintiff's Second Claim for Relief, damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I), interest calculated at the prevailing rate pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), equitable relief as may be appropriate, including front pay, pursuant to 29 U.S.C. § 2617(a)(1)(B), and reasonable attorney's fees, reasonable expert witness fees, and other costs of the action pursuant to 29 U.S.C. § 2617(a)(3).

D. On Plaintiff's Third Claim for Relief, damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I), interest calculated at the

prevailing rate pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), equitable relief as may be appropriate, including front pay, pursuant to 29 U.S.C. § 2617(a)(1)(B), and reasonable attorney's fees, reasonable expert witness fees, and other costs of the action pursuant to 29 U.S.C. § 2617(a)(3).

      E.      On each claim for relief, such additional legal and equitable relief as is proper.

KENBRENNAN LAW, P.C.

By: /s/ Kenneth J. Brennan
Kenneth J. Brennan, Lead Counsel,
IL Bar No. 6239037
502 West Main Street, Suite 300
Collinsville, Illinois 62234
(618) 343-4222
(866) 314-6780 - Fax
kbrennan@kbrennanlaw.com